## COMMONWEALTH *versus* CHARLES JONES HALL.

C. J. H. was enrolled in a company of militia by the name of C. H. *Held,* that he was not duly enrolled.

On the back of a sergeant's warrant was a certificate, that he had " taken and subscribed the oath according to law before me J. T. W. commanding officer." *Held,* that this was not a sufficient certificate of his being appointed clerk of the company, and that it could not be amended by inserting proper words of appointment, to sustain a prosecution commenced by him as clerk. [See Revised Stat. *c.* 12, § 112.]

CERTIORARI to a justice of the peace, who had fined the respondent for neglecting to appear at a meeting of a militia company commanded by John T. White.

At the trial before the justice, the complainant produced the book of enrolment of the company, which contained the name of Charles Hall, but not of Charles Jones Hall, the true name of the respondent.

The warrant appointing the complainant a sergeant in the company was also produced, on the back of which were written the following words : — " Medford, April 20th, 1824. This may certify that the within named Willard Butters has taken and subscribed the oath according to law before me, John T. White, commanding officer." The respondent objected to this certificate, and the complainant thereupon moved for leave to amend it by inserting the words, " I hereby appoint the within named Willard Butters clerk " &c.

*Oct. 14th.* *Bartlett* now objected that the respondent was not duly enrolled ; *St.* 1809, *c.* 108, § 8, 20 ; and that the complainant was not legally appointed clerk of the company. *St.* 1809, *c.* 108, § 8.

*Oct. 17th.* MORTON J. delivered the opinion of the Court. By Laws U. S. 2 *Cong.* 1 *Sess. c.* 33, § 1, it is made the duty of the commanding officer of every company of militia to enrol every person liable to militia duty within the limits of his company. And by the militia law of this commonwealth (*St.* 1809, *c.* 108, § 8) the clerk is required to keep " a fair and exact roll of the company " and from time to time revise and correct the same, so that it shall contain the names of all persons within the bounds of his company subject to militia duty. Unless thus enrolled and duly notified

thereof, no person can be holden to perform this onerous service.

The roll of White's company contained the name of Charles Hall, but not the name of Charles Jones Hall. Charles Jones is the respondent's Christian name. It needs no argument to prove that Charles and Charles Jones are different names.[1] *Commonwealth* v. *Perkins*, 1 Pick. 388. The respondent therefore was not duly enrolled in the company of which the complainant claims to be clerk.

The clerk of a company is an officer who has important duties to perform. He alone is authorized to prosecute for all fines and forfeitures incurred by the delinquencies of the non-commissioned officers and privates. The mode of his appointment is fixed by statute. He must be selected from the sergeants of the company by the commanding officer, who must on the back of his warrant as sergeant, certify that he does thereby appoint him to be clerk of the company. He must also be sworn to the faithful discharge of his duty.[1] *St.* 1809, *c.* 108, § 8, 35. [Revised Stat. *c.* 12, § 66.]

**264**

The complainant produced before the justice no evidence of his appointment. It does not appear that his motion to amend was granted, nor indeed could it be. There was no certificate of his appointment which could be amended. The certificate of the oath did not refer to the office of clerk, and it was clearly inadmissible, in any stage of the proceedings, to permit the commanding officer of the company to make an appointment to enable the complainant to sustain a prosecution, which he had no authority to commence.

We are therefore of opinion, that both of the objections are well founded.

*Proceedings quashed.*

---

[1] But see *Keen* v. *Meade*, 3 Peters's Sup. Ct. R. 7, where it is said by *Thompson* J., that it may well be questioned whether the middle letter formed any part of the Christian name. See also Co. Lit. 3 *a;* *Rex* v. *Newman*, 1 Ld. Raym. 563; *Franklin* v. *Talmadge*, 5 Johns. R. 84; *Reid* v. *Lord*, 4 Johns. R. 119, note *a;* *Wood* v. *Fletcher*, 3 N. Hamp. R. 61; *Arbouin* v. *Willoughby*, 1 Marshall, 477; *Hutchins* v. *Gilbie*, 2 Chitty's R. 335.

[1] See *Commonwealth* v. *Dedham*, 16 Mass. R. 141; *Sherman* v. *Needham*, 4 Pick. 66; *Commonwealth* v. *Sherman*, 5 Pick. 239; *Bassett* v. *Marshall*, 9 Mass. R. 312.